UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

RAUL ROJO and LAURA ROJO,

Plaintiffs,

v. Case No. 09-C-0229

U.S. BANK N.A., AS TRUSTEE
FOR THE REGISTERED HOLDERS
OF MASTR ASSET BACKED SECURITIES
TRUST 2006-AM3, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-AM3,

Defendant.

---

DECISION AND ORDER DENYING MOTION TO DISMISS (DOC. #14)
AND SETTING A STATUS CONFERENCE

Plaintiffs, married couple Raul Rojo and Laura Rojo (nee Salcido), filed this action against defendant, U.S. Bank, N.A., as a successor in interest to a mortgage lender that allegedly violated the Federal Truth In Lending Act (TILA), 15 U.S.C. §§ 1635, 1640. The Rojos contend that the lender failed to give proper notice of their right to rescind two mortgage loans. Although TILA regulations require that each borrower be given two notices of the right to cancel each loan, *see* 12 C.F.R. § 226.23(b)(1), the Rojos say that each of them was given only one notice per loan. Consequently, the Rojos seek to rescind their loans and to recover damages in the form of interest paid on the loans and statutory damages. U.S. Bank's motion to dismiss the Rojos' complaint under Fed. R. Civ. P. 12(b)(6) is now pending before the court, and after due consideration, the motion will be denied.

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558 (2007), including instances in which the plaintiff pleads himself out of court by pleading facts precluding recovery, *Hefferman v. Bass*, 467 F.3d 596, 600 (7th Cir. 2006). Although a plaintiff need not include detailed factual allegations, he or she must present enough facts to raise his or her right to relief above the speculative level. *Bell Atl. Corp.,* 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (stating that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

In May 2006, Aames Funding Corporation provided the Rojos with two mortgage loans on their primary residence in St. Francis, Wisconsin. (Am. Compl. ¶¶ 1, 4, 7, 9, 10.) Plaintiffs received a first mortgage loan in the principal amount of $160,000 and a second mortgage loan in the principal amount of $40,000. (Am. Compl. ¶ 9, 10.) The loans closed on May 25, 2006. (Am. Compl. ¶ 10.)

At closing, Aames gave the Rojos four copies of a notice of right to cancel, one for each borrower for each loan, dated by hand with the date of the closing and the expiration date for rescission. (Am. Compl. ¶¶ 11, 12, Ex. A.) Eight additional notice forms (two for each borrower for each loan) were given to the Rojos, but they were undated; the spaces for dates of closing and expiration of rescission were left blank. (Am. Compl. ¶ 13, Ex. B.) In other words, Laura Rojo received only one notice for each loan that included the

date of the closing, May 25, 2006; the date by which the cancellation had to be made, May 30, 2006; and her dated signature. Similarly, Raul Rojo received only one notice for each loan that included the May 25, 2006, closing date; the cancellation date of May 30, 2006; and his dated signature. (*See* Am. Compl. ¶¶ 11, 12.) After closing, plaintiffs used the loans for personal, family, or household purposes until February 2008. (Am. Compl. ¶¶ 8, 17.)

While the loans were outstanding, Aames merged with Accredited Home Lenders Inc. on October 1, 2006. (Am. Compl. ¶ 15.) Also in October 2006, U.S. Bank N.A. took assignment of plaintiffs' loans as trustee. (Am. Compl. ¶ 16.)

On or around February 18, 2008, plaintiffs paid off the mortgages through a refinancing with GSF Mortgage Corporation. (Am. Compl. ¶ 17.) Nearly eight months later, plaintiffs attempted to rescind the loans. (Am. Compl. ¶¶ 21, 22.) On October 3, 2008, plaintiffs mailed a notice of recision for loan no. 0007327018 to Accredited and to the loan servicer, Ocwen Loan Servicing, LLC. (Am. Compl. ¶ 21.) Then, on December 3, 2008, plaintiffs mailed a notice of recision for loan no. 0007327091 to Accredited and Ocwen. (Am. Compl. ¶ 22.) Accredited did not rescind plaintiffs' loans. (Am. Compl. ¶¶ 24, 36.)

Plaintiffs filed this action on March 3, 2009, initially against Accredited and Ocwen. On May 1, 2009, Accredited filed for Chapter 11 bankruptcy. (Am. Compl. ¶ 19.) Plaintiffs amended the complaint on June 4, 2009, dropped Accredited and Ocwen from the case and asserted their claim against U.S. Bank. Plaintiffs seek to recover damages from defendant as assignee of the loans. (Am. Compl. ¶ 23.) According to the amended complaint, the lender violated TILA by failing to notify plaintiffs of their right to rescind their

mortgage loans, as required by 15 U.S.C. § 1635 and Federal Reserve Board regulations, 12 C.F.R. pt. 226, known as “Regulation Z,” 12 C.F.R. § 226.1(a). Plaintiffs take issue with defendant’s delivery of only one dated notice per borrower per loan. In their view, the eight undated forms were not adequate notice of the right to rescind. Furthermore, plaintiffs maintain that failure to deliver to them proper notices allows them to rescind their loans within three years of closing their loans. (Am. Compl. ¶ 1, 27.) Hence, plaintiffs are asking that their mortgage loan agreements be rescinded and that they be awarded damages.

Congress enacted TILA to ensure that a consumer who seeks credit from a lender is informed of the consumer’s rights and obligations. *See* 15 U.S.C. § 1601(a). Congress granted authority to the Federal Reserve Board to promulgate TILA regulations. The Board’s regulations are found at 12 C.F.R. pt. 226, commonly known as “Regulation Z.” These regulations are further explained in the Board’s official staff commentary in Supplement I to part 226. The Board’s pronouncements in the commentary are entitled great weight. *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565-70 (1980); *Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525, 528 (7th Cir. 2007).

Under TILA, a consumer has the right to cancel a credit transaction in which the creditor takes a security interest in the consumer’s principal residence. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.1(b). This right of rescission allows the consumer to void the creditor’s security interest in the home and eliminate the consumer’s liability for any amount, including interest on the loan. 12 C.F.R. § 226.23(d)(1). The creditor must disclose, in accord with Board regulations, the rescission right to the consumer at the time of the transaction. 15 U.S.C. § 1635(a).

Pursuant to Regulation Z, the right to rescind must be disclosed to the consumer through a "notice of right to rescind," using a model form or a "substantially similar notice." 12 C.F.R. § 226.23(b); *see* 12 C.F.R. pt. 226, app. H.

> The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
> (I) The retention or acquisition of a security interest in the consumer's principal dwelling.
> (ii) The consumer's right to rescind the transaction.
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> (iv) The effects of rescission . . . .
> (v) The date the rescission period expires.

12 C.F.R. § 226.23(b)(1). The requirement that the transaction be identified may be met by provision of the date of the transaction. 12 C.F.R. pt. 226, supp. I, ¶ 23(b)(3).

Importantly for the present case, a creditor "shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226.23(b)(1).

The Board's commentary states that where joint owners, such as a husband and a wife, give a security interest in their home, each person has the right to rescind the transaction. 12 C.F.R. pt. 226, supp. I, ¶ 23(a)(4). Because either a husband or a wife has the right to rescind, *each* must be given two copies of the rescission notice and be informed of the material disclosures, such as the date, in a clear and conspicuous manner. 12 C.F.R. pt. 226, supp. I, ¶ 23(b) ("In a transaction involving joint owners, both of whom are entitled to rescind, both must receive the notice of the right to rescind and disclosures.").

Generally, a consumer who wishes to exercise the right to rescind must notify the creditor by written communication within three business days of the later of the loan closing, the receipt of the notice of the right to rescind, or delivery of all "material disclosures."[1] 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). However, if rescission forms were not delivered or material disclosures not made, the time for rescission extends for three years. 12 C.F.R. § 226.23(a)(3); *see* 15 U.S.C. § 1635(a), (f); *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 761, 763 (7th Cir. 2006).

Further, when a court determines that a creditor has violated 15 U.S.C. § 1635, the court may award relief in addition to rescission, under 15 U.S.C. § 1640, for violations of TILA not relating to the right to rescind. 15 U.S.C. § 1635(g). A creditor who fails to comply with 15 U.S.C. § 1635 may be liable for any actual damage sustained by the individual, statutory damages of twice the amount of any finance charge or between $400 and $4,000, costs of the action, and reasonable attorney's fees. 15 U.S.C. § 1640(a); *see Handy*, 464 F.3d at 763. In cases with multiple borrowers, only one recovery is allowed. 15 U.S.C. § 1640(d).

The Seventh Circuit has held that in TILA cases "hyper-technicality reigns." *Hamm*, 506 F.3d at 529 (citing *Handy*, 464 F.3d at 764). For example, in *Hamm*, the court considered whether a mortgage company violated TILA by not explicitly stating the payment period in the borrowers' TILA disclosure statements. 506 F.3d at 526. Also, the borrowers asserted that the lender's notice of rescission was defective because the lender

[1] "Material disclosures" are disclosures of the annual percentage rate, method of determining and amount of the finance charge, amount financed, total of payments, number and amount of payments, payment schedule, and certain other disclosures. 15 U.S.C. § 1602(u).

provided two different notices of cancellation—the TILA-required notice with the three-day expiration, and the lender's own notice with a two-week rescission period. *Id.* at 527. Ultimately, the *Hamm* court did not reach the issue of whether the rescission notice was defective. *Id.* at 527. However, the court noted that the Supreme Court, as well as the Board's commentary require fidelity to TILA's technical requirements. *Id.* at 529. The Seventh Circuit stated that "[f]ollowing *Milhollin*'s guidance, our approach means that when completeness of disclosure does not lead to informational overload, completeness must be required." *Id.* Moreover, the *Hamm* court observed that the Board, in reaction to a decision of the Seventh Circuit, reiterated explicitly that it is not sufficient for a lender to give a borrower just enough information to make assumptions and derive an understanding of the disclosure on his or her own. Rather, a lender must state plainly the disclosure in the manner set forth by TILA. *Id.* Thus, where the requirements of TILA are straightforward, lenders must comply with those requirements formally. *Id.* (citing *Milhollin*, 444 U.S. at 568). Anything short of formal compliance means a lender is in violation of TILA. *Id.* at 531.

In *Handy*, the Seventh Circuit employed its strict reading of TILA requirements in a case involving notices of the right to rescission. Handy had been provided with two different notice forms, one applicable to her type of loan, and one applicable to a different type of loan. *See* 464 F.3d at 763-64. The court found the provision of both forms did not meet the clear and conspicuous disclosure requirement of TILA that "TILA does not easily forgive 'technical' errors." *Id.* at 764.

Although hyper-technicality is the standard in this circuit, the First Circuit has followed a less strict interpretation of TILA requirements. The First Circuit asks whether the disclosure is sufficient to ensure that a reasonable borrower would not be misled. *See Melfi v. WMC Mortgage Corp*., 568 F.3d 309, 312-13 (1st Cir. 2009), *cert. denied*, 130 S. Ct. 1058 (2010); *Palmer v. Champion Mortgage*, 465 F.3d 24 (1st Cir. 2006). The *Melfi* court held that a lender who gave a borrower notices of right to rescind that were stamped with the loan closing date but did not include the rescission date did not violate TILA. 568 F.3d at 312. The court stated: "Our test is whether any reasonable person, in reading the form provided in this case, would so understand it." *Id.* The court found that omission of the dates made no difference because the reasonable borrower could derive the date on his own. *Id.* Further, the court rejected the notion that "either Congress or the Board intended to render the form a nullity because of an uncompleted blank in the form or similar flaw." *Id.* at 313.

Plaintiffs submit that defendant violated TILA through the failure to provide to each borrower two copies of a properly completed right to rescind, both of which clearly and conspicuously disclosed the date the rescission period expired. They assert that they received only *one* completed notice of right to rescind per loan per borrower at closing. (Am. Compl. ¶ 13, Exs. A, B.) Although plaintiffs were provided additional copies of a form right to rescind notice, those copies did not have on them the date upon which the right to rescind would expire. (Am. Compl. ¶ 13, Exs. A, B.) Because those copies did not include the date, these disclosures were not complete. Thus, each plaintiff received only one effective notice per loan, not the two required by TILA. *See* 12 C.F.R. § 226.23(b)(1).

Taking the facts in the complaint as true, it appears that defendant, as assignee of the loan originator, failed to comply with TILA. Consequently, U.S. Bank argues that the failure should be excused because one complete notice was sufficient to inform plaintiffs of their right to rescind and the date by which they must exercise that right. (Def.'s Br. at 3.) U.S. Bank relies on the First Circuit's *Melfi* case. However, that is not the standard in this circuit. The Seventh Circuit requires hyper-technical adherence to TILA. *Hamm*, 506 F.3d at 529. The *Hamm* court noted that its standard differed from that of other circuits, citing a First Circuit case, but maintained its strict reading of TILA's requirements. *Id.* Thus, this court is bound by the Seventh Circuit precedent requiring hyper-technicality in TILA cases. A borrower is not expected to make unilateral assumptions regarding a material disclosure, such as a date. *Id.* Rather, a lender must state the disclosure plainly in the manner set forth by TILA. *Id.* Where the requirements of TILA are straightforward, lenders must comply formally with those requirements; anything short of formal compliance means a lender is in violation of TILA. *Id.* at 529, 531.

TILA requires that each borrower received two notices, each containing the expiration date for rescission. Two means two. Accepting plaintiffs' alleged facts as true, they each received only one notice form that complied with TILA requirements and in doing so they have stated a claim under TILA.

The right to rescission survives the refinancing of the Rojos' loans. *See Handy*, 464 F.3d at 765-66. However, U.S. Bank suggests that this court should dismiss the Rojos' claim for additional statutory damages for two reasons: (1) the one-year statute of limitations in 15 U.S.C. § 1640(e) has expired, and (2) the Rojos assert they sent

rescission notices to other entities, but not to U.S. Bank, so statutory damages should not be allowed. Neither argument is persuasive. First, although § 1640(e) provides a one-year statute of limitation "from the date of the occurrence of the violation," U.S. Bank fails to offer any authority indicating that the date on which time begins running is the date of the loan closing rather than the end of the period within which Accredited should have rescinded the loan (i.e., some time after the Rojos' first request for rescission on October 3, 2008). Also, the court is mindful that *Handy* involved a borrower who sought to rescind her loan two years after the transaction had closed, and the Seventh Circuit discussed rescission and statutory damages remedies without remarking that the statute of limitations was a problem. *See* 464 F.3d at 765-66. Second, U.S. Bank provides no legal authority for its argument that notice to Accredited was not sufficient as against U.S. Bank, while authority submitted by the Rojos supports the opposite proposition. *See Hubbard v. Ameriquest Mortgage Co.*, 624 F. Supp. 2d 913, 920-22 (N.D. Ill. 2008). Moreover, U.S. Bank received notice of a request for rescission in July 2009 when it was served with the amended complaint in this case. (*See* Pls.' Br. in Opp'n, Ex. A.) Lastly, U.S. Bank has not rebutted the authority cited by the plaintiffs indicating that service of a complaint on an assignee can be considered sufficient notice of rescission. *See Harris v. OSI Fin. Servs, Inc.*, 595 F. Supp. 2d 885, 894-96 (N.D. Ill. 2009).

For the reasons set forth above,

IT IS ORDERED that defendant's motion to dismiss plaintiffs' amended complaint for failure to state a claim (Doc. 14) is denied.

IT IS FURTHER ORDERED that this matter is set for a status conference on May 5, 2010, at 2:00 p.m.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE